## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**CAROLYN A. MCMAHON,**

**Plaintiff,**

**Civil Action No.: 1:10-CV-09375-UA**

**vs.**

**MERCK SHARP AND DOHME**
**(formerly known as Merck & Co., Inc.)**

**Defendant.**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Carolyn A. McMahon, through her undersigned attorneys, ASHCRAFT & GEREL, LLP, who brings this action against Defendant Merck Sharp and Dohme Corp. (formerly known as Merck & Company, Inc.), and alleges as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§1332, as complete diversity exists between Plaintiffs and Defendant. Plaintiff is a resident of the State of FLORIDA, and Defendant is incorporated and has its primary place of business in the State of New Jersey. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.    Venue is proper within this district pursuant to Case Management Order No. 3, filed November 1, 2006, signed by John F. Keenan, allowing Fosamax-related cases to be filed directly in the Southern District of New York.

## II. __PARTIES__

3.    Plaintiff Carolyn A. McMahon was born July 18, 1943.  At all relevant times Plaintiff

was a resident of the State of FLORIDA, and upon information and belief she used

FOSAMAX from approximately October 2005 through approximately February 2008.

4.    Defendant is a corporation organized and existing under the laws of the State of New

Jersey, with its principal place of business in New Jersey.  The Defendant's registered

office is at 820 Bear Tavern Road, City of West Trenton, Mercer County, New Jersey.

5.    Defendant was at all relevant times authorized to conduct business in the State of

FLORIDA.

6.    At all times relevant Defendant regularly transacted business in the State of FLORIDA

and continues to do so.

7.    At all relevant times Defendant, through its agents, servants, employees and apparent

agents was the designer, manufacturer, marketer, distributor and seller of FOSAMAX, a

bisphosphonate drug used primarily to mitigate or reverse the effects of osteoporosis.

8.    Defendant, either directly or through its agents, apparent agents, servants or employees, at

all relevant times, sold and distributed FOSAMAX in the State of FLORIDA for the

treatment or prevention of osteoporosis.

9.    Defendant derives substantial revenue from pharmaceutical products used or consumed in

the State of FLORIDA.

10.   Defendant expected, or should have expected, that its business activities could or would

have consequences within the State of FLORIDA.

-2-

## III. SUMMARY OF THE CASE

11.   Defendant, either directly or through its agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed and sold FOSAMAX for the treatment of osteoporosis and Paget's Disease.

12.   As a result of the defective nature of FOSAMAX, persons who were prescribed and ingested FOSAMAX, including Plaintiff Carolyn A. McMahon, have suffered and may continue to suffer severe and permanent personal injuries to the jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

13.   Defendant concealed its knowledge of FOSAMAX's unreasonably dangerous risks from Plaintiff Carolyn A. McMahon, other consumers, and the medical community.

14.   Defendant failed to conduct adequate and sufficient post-marketing surveillance of FOSAMAX after it began marketing, advertising, distributing, and selling the drug.

15.   As a result of Defendant's actions and inaction, Plaintiff Carolyn A. McMahon was injured due to the ingestion of FOSAMAX, which has caused and will continue to cause Plaintiff's various injuries and damages.  Plaintiff accordingly seeks compensatory damages.

## IV. FACTUAL BACKGROUND

16.   At all relevant times Defendant was responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

-3-

17.    In September 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

18.    FOSAMAX falls within a class of drugs known as bisphosphonates.  Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's disease.  Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

19.    There are two classes of bisphosphonates: the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Boniva); risedronate (Actonel); and alendronate (FOSAMAX). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid).  Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

20.    Throughout the 1990s and 2000s, medical articles and studies appeared reporting the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy.  As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have know that FOSAMAX, as a nitrogenous bisphosphonate,

shared a similar adverse event profile to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

21.　As early as 1981, it was shown in published literature that bisphosphonate drugs can cause exposed necrotic bone in the jaw.  This condition is now known as osteonecrosis of the jaw.  Throughout the 1990s and 2000s, Merck had knowledge of adverse experiences and reports regarding osteonecrosis of the jaw related to bisphosphonate therapy.  As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have known that FOSAMAX, as a nitrogenous bisphosphonate, shared a similar adverse event profile to other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

22.　Merck knew or should have known that bisphosphonates, including FOSAMAX, suppress bone turnover and compromise the ability of the jaw bone to heal.

23.　As a result, a minor injury or disease can turn into a non-healing wound.  That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

24.　Dentists are now being advised by State dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

25.　Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

26.　Shortly after Defendant began selling FOSAMAX, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that FOSAMAX

shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendant failed to implement further study of the risk of osteonecrosis of the jaw relative to FOSAMAX. Rather than evaluating and verifying the safety of FOSAMAX with respect to osteonecrosis of the jaw, Defendant proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

27.   Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

28.   Since FOSAMAX was released, the FDA has received a number of reports of osteonecrosis of the jaw among users of FOSAMAX.

29.   On August 25, 2004, the FDA posted its ODS (Office of Drug Safety) Postmarketing Safety Review on bisphosphonates - - specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and alendronate (FOSAMAX). This was an epidemiologic review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

30.   As a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy. The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

31.   Defendant has failed to implement stronger warnings pursuant to the 21 C.F.R. §314.70 commonly known as the "changes being effected" (CBE) regulation.

32.   Defendant has repeatedly been cited by the FDA for violating federal regulations as a result of the Defendant intentionally overstating the benefits of the drug and minimizing the risks associated with the drug.

33.   As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw.  Merck has refused to accede to the FDA's request and, to this day, still does not adequately warn of the risk of osteonecrosis of the jaw in its FOSAMAX labeling.

34.   Based on information and belief, Merck withheld key information concerning the safety and efficacy of FOSAMAX from the FDA.

35.   Rather than warn patients, and despite Defendant's knowledge of an increased risk of osteonecrosis of the jaw in patients using FOSAMAX, Defendant continues to defend FOSAMAX and minimize unfavorable findings.

36.   FOSAMAX was one of Defendant's top selling drugs, averaging more than $3 billion per year in sales.

37.   Consumers, including Plaintiff Carolyn A. McMahon, who have used FOSAMAX for the treatment or prevention of osteoporosis, have several alternative safer products available to them.

38.   Defendant knew of the significant risk of dental and oral complications caused by ingestion of FOSAMAX, but Defendant did not adequately and sufficiently warn consumers, including Plaintiff Carolyn A. McMahon, Plaintiff's physician, or the medical community, of such risks.

39.     As a direct result, Plaintiff Carolyn A. McMahon was prescribed FOSAMAX and has been permanently and severely injured, having suffered serious consequences from the ingestion of FOSAMAX.  Plaintiff Carolyn A. McMahon requires and will in the future require ongoing medical care and treatment for the injuries Plaintiff suffered as a result of taking FOSAMAX.

40.     Plaintiff Carolyn A. McMahon has suffered mental anguish from the knowledge that Plaintiff will have life-long complications as a result of the injuries she sustained from the use of FOSAMAX.

41.     Upon information and belief, Plaintiff Carolyn A. McMahon was prescribed and began taking FOSAMAX in approximately October 2005.  Plaintiff was diagnosed with osteonecrosis of the jaw on or about February 20, 2008.

42.     Plaintiff used FOSAMAX as prescribed and in a foreseeable manner.

43.     As a direct and proximate result of using FOSAMAX, Plaintiff suffered severe personal injury to the jaw.

44.     As a direct and proximate result of using FOSAMAX, Plaintiff suffered severe mental and physical pain and suffering, and has sustained permanent injuries and emotional distress.

45.     Plaintiff used FOSAMAX which had been provided to Plaintiff in a condition that was substantially the same as the condition in which it was manufactured and sold.

46.     Plaintiff would not have used FOSAMAX had Defendant properly disclosed the risks associated with the drug.  Alternatively, Plaintiff would have known the precursor events

of osteonecrosis of the jaw and would have been able to avoid the clinical manifestation of the symptoms as they currently exist.

47.    Defendant, through its affirmative misrepresentations and omissions, actively concealed from Plaintiff and Plaintiff's physicians the true and significant risks associated with taking FOSAMAX.  The running of any applicable statute of limitations has been tolled by reason of Defendant's fraudulent concealment.

48.    As a result of Defendant's actions, Plaintiff and Plaintiff's prescribing and treating physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in this complaint, and that those risks were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

## V. COUNTS

## COUNT I:  NEGLIGENCE

49.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

50.    Defendant owed Plaintiff, Carolyn A. McMahon, other consumers, and physicians a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

52.    Defendant failed to exercise due care under the circumstances and therefore breached this duty by:

       a.  failing to properly and thoroughly test FOSAMAX before releasing the drug to market;

–9–

b. failing to properly and thoroughly analyze the data resulting from the pre-marketing tests of FOSAMAX;

c. failing to conduct sufficient post-market testing and surveillance of FOSAMAX;

d. designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX to consumers, including Plaintiff, without an adequate warning of the significant and dangerous risks of FOSAMAX and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

e. failing to exercise due care when advertising and promoting FOSAMAX; and

f. negligently continuing to manufacture, market, advertise, and distribute FOSAMAX after Defendant knew or should have known of its adverse effects.

53. As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Plaintiff Carolyn A. McMahon sustained a significant and permanent injury to the jaw. In addition, Plaintiff required and will continue to require medical services as a result of the injury suffered. Plaintiff has incurred and will continue to incur future medical and related expenses as a result of her injury. Plaintiff has also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and expenses include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has suffered and will continue to suffer mental and physical pain as a result of her injuries.

54. Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and

safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT II:  STRICT LIABILITY (DESIGN DEFECT)

55.   Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

56.   Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX in a defective and unreasonably dangerous condition to consumers, including Plaintiff Carolyn A. McMahon.

57.   Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or promoted FOSAMAX, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

58.   Plaintiff used FOSAMAX as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

59.   FOSAMAX failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

60.   FOSAMAX was defective in its design and was unreasonably dangerous in that it deviated from product specifications, and its unforeseeable risks exceeded the benefits associated with its design or formulation. This defect in design posed a serious risk of injury to Plaintiff.

-11-

61.    Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety.  By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX.

62.    Neither Plaintiff nor Plaintiff's physicians could have through the exercise of reasonable care, discovered FOSAMAX's defects or perceived the dangers posed by the drug.

63.    As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Plaintiff Carolyn A. McMahon sustained significant and permanent injury to the jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of the injury suffered.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of the injury.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain as a result of her injuries.

64.     Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT III:  STRICT LIABILITY (FAILURE TO WARN)

65.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

66.     Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX in a defective and unreasonably dangerous condition to consumers, including Plaintiff Carolyn A. McMahon.

67.     Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or promoted FOSAMAX, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

68.     Plaintiff used FOSAMAX as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

69.     FOSAMAX failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

70.  FOSAMAX was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Plaintiff, Plaintiff's physicians, and the medical community of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

71.  Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety.  By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX.

72.  Neither Plaintiff nor Plaintiff's physicians could have through the exercise of reasonable care, discovered FOSAMAX's defects or perceived the dangers posed by the drug.

73.  As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Plaintiff Carolyn A. McMahon sustained significant and permanent injury to the jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of the injury suffered.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of her injury.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions,

and other losses and damages.  Plaintiff's direct medical losses and costs include

care for hospitalization, physician care, monitoring, treatment, medications, and

supplies.  Plaintiff has incurred and will continue to incur mental and physical

pain as a result of her injuries.

74.     Defendant's conduct as described above was committed with knowing, conscious,

wanton, willful, and deliberate disregard for the value of human life and the rights

and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive

damages so as to punish Defendant and deter it from similar conduct in the future.


## COUNT IV:  BREACH OF EXPRESS WARRANTY

75.      Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in this Complaint with the same force and effect as if fully set forth

herein.

76.     Defendant expressly represented to Plaintiff Carolyn A. McMahon, other consumers

and the medical community that FOSAMAX was safe and fit for its intended

purposes, was of merchantable quality, did not produce any dangerous side effects,

and had been adequately tested.

77.     FOSAMAX does not conform to Defendant's express representations because it is

not safe, has numerous and serious side effects, and causes severe and permanent

injuries.

78.   At all relevant times FOSAMAX did not perform as safely as an ordinary consumer would expect, when used as intended or in a reasonably foreseeable manner.

79.   Plaintiff Carolyn A. McMahon, Plaintiff's physicians, other consumers, and the medical community relied upon Defendant's express warranties.

80.   As a direct and proximate result of Defendant's actions, Plaintiff Carolyn A. McMahon sustained significant and permanent injury of the jaw.   In addition, Plaintiff required and will continue to require healthcare and services as a result of the injury suffered.   Plaintiff has incurred and will continue to incur medical and related expenses as a result of the injury.   Plaintiff has also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.   Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.   Plaintiff has incurred and will continue to incur mental and physical pain and suffering as a result of her injuries.

81.   Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT V: BREACH OF IMPLIED WARRANTY

82.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

83.    Defendant manufactured, distributed, advertised, promoted, and sold FOSAMAX.

84.    At all relevant times, Defendant knew of the use for which FOSAMAX was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

85.    Defendant was aware that consumers, including Plaintiff Carolyn A. McMahon, would use FOSAMAX for treatment or prevention of osteoporosis and for other purposes.

86.    Plaintiff, Plaintiff's physicians and the medical community reasonably relied upon the judgment and sensibility of Merck to sell FOSAMAX only if it was indeed of merchantable quality and safe and fit for its intended use.

87.    Defendant breached its implied warranty to consumers, including Plaintiff; FOSAMAX was not of merchantable quality or safe and fit for its intended use.

88.    Consumers, including Plaintiff and the medical community, reasonably relied upon Defendant's implied warranty for FOSAMAX.

89.    FOSAMAX reached consumers without substantial change in the condition in which it was manufactured and sold by Defendant.

90.    As a direct and proximate result of Defendant's actions, omissions, and misrepresentations, Plaintiff Carolyn A. McMahon sustained significant and

-17-

permanent injury of the jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of the injury suffered.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of the injury. Plaintiff has also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering as a result of her injuries.

91.  Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT VI: FRAUDULENT MISREPRESENTATION

92.  Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

93.  Defendant made fraudulent misrepresentations with respect to FOSAMAX in the following particulars:

   a. Defendant represented through its labeling, advertising, marketing materials,

-18-

detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX had been tested and found to be safe and effective for the treatment of osteoporosis; and

b. Defendant represented that FOSAMAX was safer than other alternative medications.

94. Defendant knew that its representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of FOSAMAX to consumers, including Plaintiff, and the medical community.

95. The representations were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

96. Defendant's representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of FOSAMAX.

97. Plaintiff Carolyn A. McMahon, Plaintiff's physicians, and others relied upon the representations.

98. Defendant's fraudulent representations evinced its callous, wanton, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

99. As a direct and proximate result, Plaintiff Carolyn A. McMahon sustained significant and permanent injury to the jaw. In addition, as a result of this injury, Plaintiff required and will continue to require healthcare and services, and has incurred and

-19-

will continue to incur medical and related expenses. Plaintiff also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering as a result of her injuries.

100. Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT VII: FRAUDULENT CONCEALMENT

101. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

102. Defendant fraudulently concealed information with respect to FOSAMAX in the following particulars:

a. Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX was safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX; and

b. Defendant represented that FOSAMAX was safer than other alternative

medications and fraudulently concealed information which demonstrated that FOSAMAX was not safer than alternatives available on the market.

103.  Defendant had sole access to material facts concerning the dangers and unreasonable risks associated with FOSAMAX.

104.  Defendant's concealment of information about the risks associated with taking FOSAMAX was intentional, and the representations made by Defendant were known by Defendant to be false.

105.  The concealment of information and the misrepresentations about FOSAMAX were made by Defendant with the intent that doctors and patients, including Plaintiff and Plaintiff's physicians, rely upon them.

106.  Plaintiff Carolyn A. McMahon, Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks associated with taking FOSAMAX which Defendant had concealed from Plaintiff's doctors and Plaintiff.

107.  As a direct and proximate result of Defendant's actions, omissions, and misrepresentations, Plaintiff Carolyn A. McMahon sustained significant and permanent injury of the jaw.  In addition, Plaintiff required and will continue to require healthcare and services as a result of the injury suffered.  Plaintiff has incurred and will continue to incur medical and related expenses as a result of the injury.  Plaintiff has also suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct

medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue to incur mental and physical pain and suffering as a result of her injuries.

108. Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## GLOBAL PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

     a.  compensatory damages on each cause of action;

     b.  punitive damages on each cause of action;

     c.  reasonable attorneys' fees where recoverable;

     d.  costs of this action; and

     e.  such other additional and further relief as the Court may deem necessary, appropriate, and just.

## VII.  <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all counts and issues so triable.

ASHCRAFT & GEREL, LLP

_____
James F. Green, Esq.
Michelle A. Parfitt, Esq.
Salman H. Elmi, Esq.
(Orders granting admission *pro hac vice* for
MDL 1789 are attached)
4900 Seminary Rd., Suite 650
Alexandria, VA 22311
Telephone:  (703) 931-5500
Fax:  (703) 820-1656

*Attorneys for Plaintiff*